# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA L. DUBRUZZO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-558 |
| | ) | Judge Fischer |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| GERI GILLMAN and | ) | |
| SUZIE MORRISSEY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND OPINION**

Pamela DuBruzzo has submitted a Complaint (Doc. 2) seeking monetary damages for "vehicular stalking, identity theft" and "identity fraud" against several individuals. Plaintiff has been granted leave to proceed *in forma pauperis*, but does not allege a basis for this Court to exercise jurisdiction.

**A.** **Applicable Standard**

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under

§ 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

In determining whether Plaintiff has stated a claim, the familiar standard applicable pursuant to Federal Rule of Civil Procedure 12(b)(6) applies, i.e., a complaint should be dismissed if, read in the light most favorable to the Plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

**B.     Analysis.**

The district courts of the United States are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Services, 545 U.S. 546, 552 (2005), quoting Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994). Therefore, in order to invoke this Court's jurisdiction, Plaintiff must identify a federal statute permitting her claim to be brought in federal court.

Plaintiff references the diversity statute, 28 U.S.C. § 1332. That statute, however, requires that no Defendant be a resident of the same state as the Plaintiff, i.e., "complete" diversity. Plaintiff has failed to allege the residency of any named Defendant. However, in a prior law suit, Plaintiff attempted to sue two of the same Defendants she has named here, and she

identified those persons as residents of the same apartment complex as Plaintiff (Civil Action No. 09-1636, Doc. 2). Therefore, Plaintiff's claims cannot be brought in this Court on the basis of diversity of citizenship because at least two of the named Defendants are, like Plaintiff, Pennsylvania residents.

AND NOW, this 19th day of May, 2010,

IT IS HEREBY ORDERED that the instant Complaint is DISMISSED for lack of jurisdiction. The Clerk is directed to mark this case CLOSED.

s/Nora Barry Fischer  
NORA BARRY FISCHER  
UNITED STATES DISTRICT JUDGE

cc:
PAMELA L. DUBRUZZO
200 Dell Avenue
Pittsburgh, PA 15216